IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br> v. <br><br> NATIONAL ARCHIVES AND <br> RECORDS ADMINISTRATION, <br> 8601 Adelphi Road, Room 5210 <br> College Park, MD 20740-6001, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant National Archives and Records Administration to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly serves FOIA requests on federal agencies, analyzes the responses it receives, and

disseminates its findings and any records to the American public to inform them about "what their government is up to."

4. Defendant National Archives and Records Administration is an agency of the United States Government and is headquartered at 8601 Adelphi Road, College Park, MD 20740. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On March 4, 2022, Plaintiff submitted a FOIA request to the Barack Obama Presidential Library ("the Library"), a component of Defendant, seeking access to the following public records:

> 1. All requests for information, analyses, summaries, assessments, transcripts, or similar records submitted to any Intelligence Community member agency or any officer, employee, or representative thereof by former National Security Advisor Susan Rice regarding, concerning, or related to the following:
>
> Any actual or suspected effort by the Russian government or any individual acting on behalf of the Russian government to influence or otherwise interfere with the 2016 presidential election.
>
> The alleged hacking of computer systems utilized by the Democratic National Committee and/or the Clinton presidential campaign.
>
> Any actual or suspected communications between any member of the Trump presidential campaign or transition team and any official or employee of the Russian government or any individual acting on behalf of the Russian government.
>
> The identities of U.S. citizens associated with the Trump presidential campaign or transition team who were identified pursuant to intelligence collection activities.
>
> 2. Any and all records or responses received by former National Security Advisor Susan Rice and/or any member,

     employee, staff member or representative of the National Security Council in response to any request described in part one of this request.

  3. Any and all records of communication between any official, employee, or representative of any Intelligence Community member agency and former National Security Advisor Susan Rice and/or any member, employee, staff member, or representative of the National Security Council regarding any request described in part 1 of this request.

The time frame of the request was identified as "January 1, 2016 to the present."

  6. On March 7, 2022, Plaintiff submitted a second FOIA request to the Library seeking access to the following public records:

    All records regarding, concerning, or related to the January 5, 2017 meeting at the White House between former FBI Director James Comey, President Obama, former CIA Director John Brennan, former Director of National Intelligence James Clapper, and others. This request includes, but is not limited to, any and all notes, summaries, briefing materials, or other records created in preparation for, during, and/or pursuant to the meeting, as well as any and all related records of communication between any official, employee, or representative of the Executive Office of the President and any other individual or entity.

The time frame of the request was identified as "December 1, 2016 to the present."

  7. Both requests were served by email.

  8. By letters dated March 22, 2022, the Library acknowledged receiving Plaintiff's requests. The Library advised Plaintiff that the March 4, 2022 request had been divided into four parts that had been assigned "case log numbers" 22-26840-F, 22-26841-F, 22-26842-F, and 22-26743-F. The Library advised Plaintiff that the March 7, 2022 request had been assigned "case log number" 22-26844-F. The Library also advised Plaintiff that it had identified records potentially responsive to all four parts of the March 4, 2022 request and to the March 7, 2022 request.

9. As of the date of this Complaint, the Library has failed to: (i) produce the requested records or demonstrate that the records are lawfully exempt from disclosure; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is in violation of FOIA.

12. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

13. Plaintiff has no adequate remedy at law.

14. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's first request by April 1, 2022 and was required to make a final determination on Plaintiff's second request by April 7, 2022. Because Defendant failed to make final determinations on Plaintiff's requests within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records

responsive to the requests; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: October 28, 2022	Respectfully submitted,

/s/ *Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
Judicial Watch, Inc.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:	(202) 646-5172
Fax:	(202) 646-5199
Email: porfanedes@judicialwatch.org

*Counsel for Plaintiff*