UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br><br>　　　Plaintiff, <br><br>　　　v. <br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, <br><br>　　　Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:22-cv-03310-RBW <br> ) <br> ) <br> ) <br> ) |

# JOINT STATUS REPORT

Pursuant to the Court's general order for civil cases issued December 13, 2022, Plaintiff Judicial Watch, Inc. ("Judicial Watch") and Defendant National Archives and Records Administration ("NARA") met and conferred on January 23, 2023, and provide the below status report to the Court on Plaintiff's Freedom of Information Act ("FOIA") requests at issue in the case:

　　　1.　　On March 4, 2022, Plaintiff submitted a FOIA request to the Barack Obama Presidential Library, a component of Defendant, for several categories of records submitted to any Intelligence Community or National Security Council member by former National Security Advisor Susan Rice related to the alleged Russian government interference in the 2016 presidential campaign.  *See* Complaint, ¶ 5 (Doc. 1).

　　　2.　　On March 7, 2022, Plaintiff submitted a separate but related FOIA request to the Barack Obama Presidential Library for records related to a January 5, 2017, White House meeting between former President Obama and various high-ranking government officials. *Id.*, ¶ 6.

3. Plaintiff filed its complaint in this matter on October 28, 2022. Defendant filed an answer on December 1, 2022.

4. All potentially responsive records for Plaintiff's requests are subject to the procedural requirements for disclosure under the Presidential Records Act ("PRA"), 44 U.S.C. §§ 2201–2209. Once NARA has processed a batch of records, it must notify the representatives of former President Barack Obama and incumbent President Joseph R. Biden, and provide 60 working days to assert any constitutionally-based privilege against disclosure. *See id.* § 2208(a)(3)(A). This review period may be extended by the former or incumbent President for one period of 30 working days. *Id.* § 2208(a)(3)(B).

5. On January 23, 2023, Defendant informed Plaintiff that the Obama Library completed a further responsiveness review of 1,753 unclassified records it had identified as potentially responsive. Through this further review, the Library determined that 476 electronic files and 144 textual records are responsive to Plaintiff's requests.

6. Defendant identified at least 20,000 electronic records, and 4,000 textual pages in its classified collections as potentially responsive to Plaintiff's requests. Defendant has not yet conducted a further responsiveness review of these potentially responsive records.

7. Defendant plans to issue a PRA notification for the responsive unclassified records by February 28, 2023. Defendant will provide Plaintiff any responsive, non-exempt records 65 working days thereafter, which is May 31, 2023. If the former or incumbent President invokes a 30 working day extension, Defendant will provide its response 95 working days after the date of notification, which is July 14, 2023. Defendant will follow the same PRA notification

and response process for responsive, non-exempt unclassified records identified in its classified collections.[1]

8. The records identified by Defendant as potentially responsive and belonging to a classified collection require further responsiveness review, consultation, and PRA notification. Defendant expects to perform further responsiveness review of the classified collection records at a rate of approximately 500 pages per month. When the notification period has passed the Defendant will provide Plaintiff with withdrawal sheets, which provide a general description of each reviewed item and the basis for exemption. Plaintiff will use the withdrawal sheets to identify which classified records it would like Defendant to send out for consultation and PRA notification.

9. The parties propose submitting a further status report on March 26, 2023.

Dated: January 26, 2023

/s/ *Eric W. Lee*
Eric W. Lee
D.C. Bar No. 1049158
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172
elee@judicialwatch.org

*Counsel for Plaintiff*

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/ *Kevin K. Bell*
Kevin K. Bell (D.C. Bar No. 90001212)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
Tel: (202) 305-8613
E-mail: kevin.k.bell@usdoj.gov

---

[1] Not all records transferred to Defendant's custody in a collection that is designated as classified are, in fact, classified. Defendant has identified at least 20,000 records and 4,000 textual pages belonging to a classified collection that are potentially responsive to Plaintiff's requests. Through further review, Defendant will be able to identify which of these records are actually classified, and which are responsive.

*Counsel for Defendant*